IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN HADLEY FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-131-S |
| | ) | |
| MIKE MULLIN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the court for its consideration is the Defendants' Mike Mullin, Ken Yott, Bobby Boone, Ron Ward and Lee Mann's Motion to Dismiss/Motion for Summary Judgment and Brief in Support filed pursuant to Federal Rule of Civil Procedure 12 (b)(1) & (6). The court will treat the motion as one for summary judgment since it must consider matters outside of the record in ruling on the motion.

On March 28, 2005, plaintiff filed his complaint in the United States District Court for the Eastern District of Oklahoma. Along with his complaint plaintiff filed a Motion to Proceed *In Forma Pauperis*. On April 4, 2005, an order was entered granting plaintiff's request to proceed *in forma pauperis*. On May 17, 2005, defendant filed a motion to stay proceedings and a request for an order requiring a special report. On June 13, 2005, plaintiff filed an amended complaint. On July 11, 2005, an order was entered requiring a stay and a special report to be filed. On September 19, 2005, a special report was filed. On this same date, defendants filed a motion to dismiss/motion for summary judgment. In this motion, defendants argue all of plaintiff's claims must be dismissed pursuant to 42 U.S.C. Sec.

1

1997e for failure to exhaust administrative remedies.  Defendants also argue that plaintiff's Fifth Amendment claims and claim regarding his initial placement in H unit are barred by the statute of limitations.  They further argue he has not been subjected to conditions of confinement which would violate his constitutional rights in H unit.  Defendants further argue plaintiff's placement in H unit, his classification and the decision not to transfer him did not violate his constitutional rights.  Defendants also contend they did not violate plaintiff's right to equal protection.  Defendants then argue they did not deprive plaintiff of meaningful access to the courts or to legal materials and that plaintiff was not denied photographs of H unit in violation of his constitutional rights.  Finally, defendants argue that plaintiff has failed to establish an affirmative link between defendants Ward and Boone and any unconstitutional act.  Defendants are protected by qualified immunity and defendants are immune from a suit for damages in their official capacities under the Eleventh Amendment.  The court has before it for consideration plaintiff's complaint, amended complaint, the defendants' motion to dismiss/motion for summary judgment, plaintiff's response and a special report prepared by the Oklahoma Department of Corrections ("DOC") at the direction of the court, in accordance with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, appearing pro se, is an inmate of the Oklahoma Department of Corrections ("DOC") and is incarcerated in the Oklahoma State Penitentiary in McAlester, Oklahoma.  Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983 for alleged constitutional violations occurring during his stay at the OSP.  He alleges his rights were violated when he was placed in OSP's H Unit.  Plaintiff also alleges he was denied access to the

courts because he was denied requests for copies of cases from other circuits and was denied access to the law library on several occasions. He also alleges his constitutional rights were violated when defendants seized photographs of the secured portion of H unit which were mailed to plaintiff from outside the prison. Plaintiff seeks injunctive relief as well as $10,000.00 in "punitive and exemplary damages" from each defendant.

## STANDARDS OF SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); See also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." <u>Applied Genetics v. First Affiliated Securities</u>, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome

3

of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248).  In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party.  Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991).  This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  With these standards in mind, the court turns to the merits of the defendants' motion.

## FINDINGS OF FACT

The court finds the facts as follows.  Plaintiff was a prisoner incarcerated at the OSP.  He was housed in the H unit because he was considered a security risk.  Plaintiff had previously escaped from a county detention facility which involved the exchange of gun fire with law enforcement officials.

While doing some legal research for this lawsuit, plaintiff requested a copy of a case from the Second Circuit Court of Appeals.  He was informed the only cases the law library had access to were from the Tenth Circuit Court of Appeals.

Plaintiff had asked his brother to obtain copies of photographs of the H unit from a website.  He requested his brother send him those photographs so he could attach them to the complaint he was filing with this court. His brother complied

with the request and sent the photos.  The prison did not deliver
the photos immediately because it considered the photographs a
security risk.  However, plaintiff did ultimately receive the
photographs and he did submit them to the court with his amended
complaint.

Plaintiff has been allowed access to the law library 53
times between April 1, 2004, through July 14, 2005. On eight
occasions, his time was rescheduled because the facility was in
lock-down.  On one occasion, he was rescheduled because he had a
medical appointment, and on one occasion, he refused to attend
the law library.

### Arguments and Authorities

Plaintiff contends his placement in the H unit is in
retaliation for his failure to cooperate in an Internal Affairs
investigation.  He claims that he is being discriminated against
by being placed in the H unit. Defendants claim that plaintiff
has been placed in the H unit because he is a security risk due
to his past behavior and that the H unit is the appropriate place
for him.  Plaintiff, while being housed in a county detention
facility, was involved in a violent escape from the facility.
Plaintiff also argues that while being placed in the H unit he is
being deprived of a liberty interest without due process.  He
claims that because of his placement in H unit he is not allowed
to obtain earn credits which could shorten his sentence.

The law is clear plaintiff has no constitutional right to be
housed in a certain facility or in a certain unit within a
facility.  "[T]he Due Process Clause does not protect every
change in the conditions of confinement having a substantial

adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montayne v. Haymes, 427 U.S. 236, 242 (1976). Prison officials must be able to classify and house prisoner as they see fit for institutional security purposes. "Internal security considerations are central to all other corrections goals within the institution." Pell v. Procunier, 417 U.S. 817, 823 (1974). "Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Pell, 417 U.S. at 827.

There is no evidence in the record that defendants decision to classify plaintiff as a high security risk and place him in the H unit is exaggerated. Plaintiff has a history of escaping facilities and using violence in the process. The court will defer to defendants' decision to place plaintiff in H unit for security reasons. Further, plaintiff was deprived no liberty interest by being placed in H unit even though it deprived him of the opportunity to earn good time credits. The Due Process Clause itself, does not create a protected liberty or property interest in good-time classification systems, see Wolff v. McDonnell, 418

U.S. 539, 557 (1974), and Oklahoma's good-time classification system is discretionary, not mandatory. Okla. Sta. tit. 57, § 138. Therefore, plaintiff does not have a *right* to be placed in a classification that allows him to earn any particular level of good-time credits. <u>Templeman v. Gunter</u>, 16 F.3d 367, 369 (10th Cir.1994). ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.") and <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1431 (7th Cir. 1996)[Plaintiff] has no due process interest in the opportunity to earn good time credits."). The court finds plaintiff's constitutional rights were not violated by his placement in the H unit. Accordingly, defendants' motion for summary judgment on this claim is hereby granted.

Plaintiff has also alleged that prison officials are violating his right to equal protection because they are treating him differently than they treat similarly situated inmates. In the absence of membership in a protected class or involvement of a fundamental right, the equal protection clause is violated only if the state has no rational basis for disparate treatment of similarly situated individuals. <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1207 (10th Cir. 1996). Plaintiff has not made any allegations that he is a member of a suspect class of persons. Since plaintiff is not a member of a protected class and his claim does not involve a fundamental right, the equal protection clause will only be violated if the state has no rational basis for disparate treatment of similarly situated individuals. <u>Id.</u> Defendant contends that plaintiff has been placed in the H unit because he is a security risk. The state has set forth a justification for treating plaintiff differently than other inmates. Plaintiff has not set forth any evidence to

legitimately dispute this.  Plaintiff has failed to establish the state has no rational basis for disparate treatment of similarly situated individuals. Accordingly, his claim for a violation of the Equal Protection Clause must also fail.

Next, plaintiff contends that he was denied access to photographs of the H unit. When the photographs were first sent to the prison, officials withheld their delivery to plaintiff because they considered the photos a security threat.  The law is well settled that prison officials may regulate incoming and outgoing mail of prisoners as long as the regulation is "reasonably related to legitimate penological interest." Turner v. Safley, 482 U.S. 78, 89 (1987). Here the mail is regulated for obvious security reasons.  Further, the facts reveal plaintiff did ultimately receive the photographs and has not established that the delay in their arrival caused him any harm. Accordingly, plaintiff cannot establish a violation of his constitutional rights in regard to the photographs in question.

Plaintiff also argues he was denied access to the courts because he was denied access to the law library on several occasions and he was denied access to court decisions other than those rendered by the Tenth Circuit Court of Appeals.  "In order for plaintiff to prevail on a claim of denial of access to the courts, he must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff has failed to establish, through his pleadings or otherwise, that his denial of cases outside of the Tenth Circuit Court of Appeals hindered his efforts to pursue a legal claim. In fact, plaintiff filed an original complaint and amended complaint. The amended complaint is 40 pages long with multiple

exhibits attached.  Along with his amended complaint, plaintiff submitted a memorandum of law in support of his complaint.  That memorandum has numerous case cites in support of his claim. Plaintiff also filed a response to this summary judgment which cited numerous cases. It does not appear from the facts that plaintiff has been limited access to the library.  Further, there is absolutely no evidence that any lack of access if it existed has hindered the pursuit of his claim. Accordingly, plaintiff's claim regarding access to the courts must fail.

The court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989) and <u>Yellen v. Cooper</u>, 828 F.2d 1471, 1475 (10th Cir. 1987).  Accordingly, defendants' for summary judgment is hereby **GRANTED** and this action is, in all respects, **DISMISSED**, as frivolous.

**IT IS SO ORDERED** this 4th day of May, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma